## SUTTON *v.* RANN.

1. SUBSCRIPTIONS—LIGHTING PLANT—VOLUNTARY AID—LEGALITY OF CONTRACT.

   A contract, by which certain citizens of a village agree to pay plaintiffs a stipulated sum of money as a voluntary aid in the construction of an electric lighting plant and flouring mill in the village in which such citizens reside, is not clearly illegal on its face.

2. SAME—MUNICIPAL AID—CONTRACT—CONSTRUCTION.

   In an action upon a contract by which defendants, citizens of a village, agreed to pay plaintiffs a stipulated sum of money as a voluntary aid in the construction of an electric lighting plant and flouring mill in the village, evidence examined, and *held*, to clearly show that defendants were, and were understood to be, a mere committee through which the parties attempted to convey a bonus from the village to plaintiffs, and that no consideration was paid or promised them for their apparent undertaking.

Error to Shiawassee; Smith, J.   Submitted April 16, 1907.   (Docket No. 118.)   Decided July 1, 1907.

Assumpsit by Edward Sutton and George Mackey against Benjamin F. Rann, William Case, and Abraham L. Beard upon a contract of guaranty. There was judgment for defendants on a verdict directed by the court, and plaintiffs bring error. Affirmed.

The parties entered into a written contract, which will be found set out at length in the opinion in *Village of Morrice* v. *Sutton*, 139 Mich. 643, 646–648. This suit is brought to recover upon that contract; the declaration counting specially thereon. Defendants pleaded the general issue with notice that defendants had paid upon the contract all they were obligated to pay; that the contract was illegal and void because, when it was made, it was understood and agreed by the parties thereto that $2,000 of the money therein provided to be paid was to be taken from the public treasury of the village of Morrice, defendants to receive the money from the village on behalf of plaintiffs and pay it over to them; that the money was so received and paid, and defendants had no interest in and received no consideration for making said contract; that the contract was and is void on grounds of public policy. Notice was given, too, that all matters involved in the suit were res adjudicata by virtue of the suit and judgment in the case above referred to.

The testimony for plaintiffs tended to prove performance of the contract on their part and the payment of $1,000 thereon, leaving due the sum of $2,000 and interest. No testimony was offered on the part of defendants; but, upon cross-examination of plaintiffs' witnesses, over objection, the facts stated in the opinion above referred to (which need not be repeated here) were made to appear, with other facts which, it is claimed, conclusively proved that the contract entered into was a mere form and blind, a step in a scheme participated in by all the parties to unlawfully obtain from the village of Morrice a bonus or gift to plaintiffs. A verdict for defendants was directed.

*Watson & Chapman,* for appellants.

*John T. McCurdy* and *Albert L. Chandler,* for appellees.

OSTRANDER, J. (*after stating the facts*). The question presented in this case was not involved in *Village of Morrice* v. *Sutton,* 139 Mich. 643. The contract is not upon its face clearly illegal. There is no rule of law forbidding citizens to contract to pay in part for the erection and operation, in the communities in which they live, of mills or power plants. The undisputed evidence in this case is that the citizens of Morrice contributed the $1,000 admitted by plaintiffs to have been received by them on the contract.

Upon cross-examination of plaintiffs, defendants were permitted to prove that other $2,000 had been paid to them in the form of certificates of deposit issued to R. B. Craig, who was at the time president of the village of Morrice, and by him indorsed, after which payments plaintiffs issued a receipt in the following form:

"We hereby acknowledge that (defendants) has this day in all things fulfilled their part in and to the above contract."

Plaintiffs then offered evidence of the recovery of the money so paid by the village of Morrice in the suit above referred to, and testimony tending to prove that, although they were aware of the fact that defendants proposed, before making the contract in question, to secure the money by the issue and sale of village bonds, they declined to deal directly with the village or to accept the bonds.

The meritorious question presented is whether, upon their claim that they relied upon the undertaking of defendants according to the terms of the written contract, plaintiffs were entitled to the opinion of a jury. Upon this point the testimony has been carefully examined. There is testimony, particularly that of one of the partners, which, standing alone, would require us to say that

the question could not be determined as one of law. Considered with the testimony of the other plaintiff (and plaintiffs were partners), the language employed in the contract, the fact that the village voted to issue bonds and sold the bonds before the contract was made, the fact that advice was sought by plaintiffs concerning the method of procuring the turning over of the money to them, and the nearly conclusive fact that, instead of procuring insurance upon the completed building in accordance with the terms of the contract, plaintiffs took out a policy which provided that the loss, if any, "shall be held payable first unto the village of Morrice, Mich., to the extent of $2,000, less the total amount which the assured have paid for the maintenance of the said $2,000 insurance from the date of this policy to the time of the fire. The insurance of the village of Morrice is, however, void, provided the mill shall be rebuilt in case of its destruction by fire"— we are obliged to say that a jury would be permitted to come to no other conclusion than that the defendants were, and were understood to be, a mere committee, and that there was no consideration paid or promised to them for their apparent undertaking. What was intended by all parties to be accomplished was accomplished.

The judgment is affirmed.

McALVAY, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.